## STUBBE, PETICIONARIO, *v.* HON. LUIS CAMPILLO, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* contra el Juez de la Corte de Distrito de San Juan, Sección Primera, en un pleito sobre nulidad de contrato.

No. 325.—Resuelto en julio 7, 1921.

TRANSCRIPCIÓN DE LOS AUTOS—ENMIENDA ORDENANDO ELIMINACIÓN DE PRUEBAS ADMITIDAS.—Quizás puedan ocurrir circunstancias especiales en que los preceptos de la sección 2ª. de la Ley No. 27 de noviembre de 1917 que exigen que la transcripción del record taquigráfico contenga una copia de todos los documentos ofrecidos y admitidos como prueba, tengan alguna excepción; pero cuando el demandante presenta como prueba durante la celebración de un juicio al cual no asistió el demandado, los autos de cierto pleito en su totalidad, los cuales son admitidos sin reservas ni condiciones por la corte, es errónea una orden dictada por ésta a petición del demandante al tiempo de ser sometida por el apelante la transcripción del record para ser aprobada, disponiendo dicha orden que del expresado record ofrecido en evidencia se transcriban solamente ciertos particulares eliminándose los restantes por ser inmateriales.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. C. Coll Cuchí.*

Abogado del interventor: *Sr. José de Guzmán Benítez.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 12 de febrero de 1917, Pedro Gandía Córdova presentó demanda jurada en la Corte de Distrito de San Juan, Sección Primera, contra Johann D. Stubbe sobre nulidad de la escritura de disolución y liquidación de la sociedad Gandía & Stubbe que ambos habían otorgado en 24 de julio de 1916 y se procediera a disolver y liquidar la mencionada sociedad previo un inventario y balance del verdadero estado del activo y pasivo de la misma; y en la celebración del juicio, al que asistió únicamente la parte demandante, propuso ésta entre otras pruebas como evidencia, el record del pleito número 12213 que llevaba el número 830 en la Sección Segunda de la expresada corte antes de ser trasladado a la Primera, seguido por el mismo Pedro Gandía Córdova contra Arturo Trías y Johann D. Stubbe, sobre liquidación de la sociedad mercantil Gandía & Stubbe y destitución del liquidador Arturo Trías, cuya evidencia fué admitida por la corte y marcada como "*Exhibit* No. 38."

La Corte de Distrito de San Juan, Sección Primera, pronunció sentencia en 28 de octubre de 1920 en el pleito de nulidad contra el demandado Johann D. Stubbe declarando con lugar la demanda, y Stubbe interpuso contra ella recurso de apelación para ante esta Corte Suprema.

El apelante Stubbe, acogiéndose a la Ley No. 27 de 27 de noviembre de 1917 solicitó de la corte ordenara al taquígrafo que hiciera y preparara una transcripción de las declaraciones ofrecidas y tomadas, de las pruebas ofrecidas y practicadas y de todas las alegaciones, actos o manifestaciones de la corte, así como de todas las objeciones y excepciones de los abogados y cuestiones y materias que con las mismas se relacionen a los efectos de la apelación y la corte así lo ordenó en 29 de noviembre de 1920, habiendo cumplido el taquígrafo dicha orden.

Señalado el día 9 de mayo de 1921 para la aprobación

de la transcripción del record taquigráfico, el apelado por medio de moción escrita solicitó de la corte fueran eliminados de la transcripción del record del pleito No. 830 varios documentos y la corte con oposición del apelante Stubbe dictó resolución en 24 de mayo de 1921 ordenando que fuera eliminado del record todo el "*Exhibit* 38" a excepción de los escritos de demanda, de contestación y de la sentencia recaída, concediendo al apelante dos días para presentar la transcripción enmendada por entender que el único fin que se propuso el demandante al presentar los autos del caso No. 830, marcado como "*Exhibit* No. 38," fué el de acreditar que ante la sección 2ª. se presentó una demanda por el demandante contra el mismo demandado para cuyo fin bastaba con la transcripción de la demanda, de la contestación y de la sentencia, y porque la transcripción de todos los autos, que es materia impertinente, a nada conduciría como no fuera a aumentar el volumen de la transcripción en más de 400 páginas y llenar la transcripción de documentos que no tienen relación con el pleito y que no han sido tomados en cuenta por la corte al dictar su sentencia, dificultándose al Tribunal Supremo el estudio de la apelación.

Bajo los hechos expuestos comprobados por el record del caso elevado original a esta Corte Suprema solicitó Johann D. Stubbe que mediante recurso de *certiorari* se ordene la anulación de la orden de la corte inferior de 24 de mayo de 1921, en virtud de la cual fué eliminada del record taquigráfico la evidencia de que se deja hecho mérito.

Alega el peticionario para sostener su recurso que el record "*Exhibit* No. 38" fué presentado como evidencia por la misma parte demandante no pudiendo por tanto eliminar de él documentos comprendidos en el mismo e invoca para sostener su pretensión la sección 2ª. de la Ley No. 27 de 27 de noviembre de 1917.

Dicha sección segunda reza así:

''Al recibir dicho escrito (el escrito solicitando que se haga y prepare la transcripción), será el deber de la corte ordenar al taquígrafo de la misma que transcriba fiel y completamente el récord taquigráfico del juicio, el taquígrafo dentro de las veinte días después de habérsele así ordenado por la corte, deberá preparar una transcripción de las notas taquigráficas del juicio, incluyendo en dicha transcripción copia de todos los documentos ofrecidos y admitidos como prueba, y de cualquier otra materia que se hubiera solicitado en el escrito que se incluya en la transcripción, y entregará ésta al secretario de la referida corte. Cuando dicha transcripción sea entregada al secretario, el juez señalará día para su aprobación. * * * El día fijado para su aprobación, el juez la examinará y cuidará de que la misma sea una copia exacta, verdadera y justa de los procedimientos que tuvieron lugar durante el juicio, de las declaraciones ofrecidas y tomadas, de las pruebas ofrecidas y practicadas, actos y manifestaciones de la corte, así como todas las objeciones y excepciones de los letrados y de la materia a que las mismas se refieren. En dicho acto las partes podrán solicitar la inclusión de todos aquellos documentos, constancias o particulares que deban unise a la misma, de acuerdo con las resultancias del litigio para su mayor exactitud. El juez entonces certificará la virtualidad y corrección de dicha transcripción. * * * ''

La simple lectura del texto legal transcrito muestra la razón que asiste al peticionario.

El pleito No. 830 fué propuesto por el demandante como evidencia y como tal fué admitido por la corte quedando marcado '*Exhibit* No. 38.'' No hizo el demandante la más ligera indicación de que su propósito fuera acreditar con esa evidencia que ante la Sección 2ª. se había presentado una demanda por el demandante y contra el mismo demandado. El juez admitió esa evidencia en los mismos términos en que fué propuesta y a esa admisión no puso reserva alguna viniendo así a formar parte de la evidencia el record total del pleito No. 12213 que era el 830 de la Sección 2ª., antes de ser trasladado. Es tardía la calificación de impertinente que da el juez a la totalidad del record expresado en su resolución ordenando la eliminación de varios documentos del mismo. Y no importa como expresa el juez que no haya tenido en cuenta

para dar su sentencia los documentos mandados a eliminar, pues en grado de apelación esos mismos documentos eliminados acaso pueden servir de base al apelante para sostener el recurso, por más que ni lo afirmamos ni lo negamos.

Quizás puedan ocurrir circunstancias especiales en que los preceptos de la sección 2ª. tengan alguna excepción; pero ténganla o no la tengan, el apelado que como hemos dicho fué quien propuso en evidencia los autos del caso No. 830, marcado como "*Exhibit* No. 38," y el juez que la admitió sin reserva alguna, no demuestran satisfactoriamente la concurrencia de aquellas circunstancias y por tanto nos falta base para discutir y considerar si el presente caso de eliminación podría estudiarse como una excepción a la sección 2ª. de la Ley No. 27 de 27 de noviembre de 1917.

No importa que la representación de Stubbe haya interpuesto recurso de apelación contra la resolución de 24 de mayo de 1921, pues según jurisprudencia de esta Corte Suprema el recurso de *certiorari* puede utilizarse no obstante el de apelación cuando sea más rápido y eficaz para los fines de la justicia.

Tampoco es aplicable al presente caso el artículo 55 del Reglamento de esta Corte Suprema que en el acto de la vista ha invocado el opositor, para corregir algún error o defectos de las copias de los autos.

Por las razones expuestas procede declarar con lugar el recurso de *certiorari* y anular la resolución de la Corte de Distrito de San Juan, Sección Primera, de 24 de mayo de 1921, devolviéndose los autos a dicha corte a los fines procedentes.

> *Con lugar el recurso y anulada la orden que dictó la Corte de Distrito, devolviéndose los autos para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.